## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

**SUPERIOR BAR & GRILL, INC.**       **NO.**

**VERSUS**

**EL JIMADOR GRILL #4, LLC**

## COMPLAINT FOR TRADEMARK INFRINGEMENT

This is an action for trademark infringement and unfair competition pursuant to the Lanham Act, 15 U.S.C. § 1114, 1121, 1125(a), and under state law.

## PARTIES

1. Plaintiff, Superior Bar & Grill, Inc. is a Louisiana corporation with its principal place of business located in the State of Louisiana (hereafter "Superior" or "plaintiff"), but which also operates restaurants in Birmingham, Alabama.

2. Defendant, El Jimador Grill, LLC #4 is a Louisiana Limited Liability Company (hereafter "defendant") operating a restaurant on Kings Highway in Shreveport, Louisiana.

## JURISDICTION AND VENUE

3. Superior is doing business in commerce in the States of Louisiana and Alabama and throughout the Southeastern United States under the federally registered trademarks of "SUPERIOR BAR" and "SUPERIOR GRILL."

4. This Court has jurisdiction of the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1338, and 28 U.S.C. § 1367.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

6. Superior has been in the restaurant business in the State of Louisiana since 1983.

7. Superior began operating under the name of Superior Bar & Grill, and/or Superior Bar, and/or Superior Grill in 1985 in the State of Louisiana.

8. Superior obtained registration of the trademark "SUPERIOR BAR" on the Principal Register with the United States Patent and Trademark Office as of February 28, 1995, under Registration No. 1,880,983. Ex. 1.

9. Superior obtained registration of the trademark "SUPERIOR GRILL" on the Principal Register with the United States Patent and Trademark Office as of October 27, 1998, under Registration No. 2,199,456.  Ex. 2.

10. Since the date of the registrations identified above, and continuing to this date, Superior has continuously operated restaurants under the names "SUPERIOR BAR," "SUPERIOR GRILL," "SUPERIOR BAR & GRILL," "SUPERIOR'S STEAKHOUSE," "COCINA SUPERIOR," and "SUPERIOR SEAFOOD & OYSTER BAR" throughout the State of Louisiana and in Birmingham, Alabama, and those marks have become incontestable.

11. Superior opened its first restaurant in Shreveport, Louisiana in 1983, and that restaurant serves Mexican food.

12. Superior opened its second restaurant in Baton Rouge, Louisiana in 1991, also serving Mexican food.

13. Superior opened its third restaurant in Birmingham, Alabama in 1995, also serving Mexican food.

14. Superior opened its fourth restaurant in New Orleans, Louisiana in 1998, also serving Mexican food.

15. Superior opened its fifth restaurant in Shreveport, Louisiana in 2003, which restaurant is a Chicago-style steakhouse.

16. Superior opened its sixth restaurant in Birmingham, Alabama in 2005, which restaurant serves Mexican food.

17. Superior opened its seventh restaurant in New Orleans, Louisiana in 2010, which restaurant serves seafood.

18. Superior's eighth restaurant is scheduled to open in October of 2018 and will serve Mexican food.

19. In addition to serving food at its restaurant locations, Superior offers catering services.

20. Further, Superior has from time to time offered for sale food and promotional items under the various Superior logos on a national basis via its on-line website.

21. In addition to the restaurants described above, Superior continues to explore market opportunities in cities throughout the Southeastern United States, and has considered potential restaurants in Jackson, Mississippi; Little Rock, Arkansas; Mobile, Alabama; Destin, Florida; and Memphis, Tennessee.

22. The use and protection of the Superior trademark and tradename are critically important to protect Superior's reputation and to enable it to expand into additional markets.

23. For more than 30 years, Superior's use of the tradename "SUPERIOR BAR" and "SUPERIOR GRILL" in connection with restaurant services has been continuous, commercially significant and substantially exclusive in the Southeastern United States.

24. Defendant currently operates a restaurant located in Shreveport, Louisiana, doing business under the name of El Jimador Superior, in a location less than five miles from Superior's original Mexican restaurant on Line Avenue.

25. The business and services defendant conducts under the El Jimador Superior name and mark are substantially similar and closely related to the services rendered by Superior under its name and federally registered marks, notably, the rendering of restaurant services.

26. In fact, Superior's first notice of the infringing use was from a Superior customer who asked if Superior had opened a new restaurant under the El Jimador Superior name.

27. Defendant's use of the Superior tradename is so similar as to be likely to cause confusion, mistake or deceive.

28. Defendant's use of the trade name "El Jimador Superior" as a name and mark in connection with restaurant services is likely to cause and in fact, has caused, confusion as to the source or sponsorship of defendant's services and as to the affiliation of Superior with defendant.

29. Upon information and belief, defendant's infringement of the Superior Bar tradename is intentional, as defendant had full knowledge of Superior's protected marks, their use in commerce and of their value.

30. Upon information and belief, defendant actually opened its restaurant without the use of the Superior tradename, but subsequently added the Superior logo to the front of its building to boost poor sales.

31. Upon information and belief, one or more principals and/or employees of defendant worked for a number of years in the restaurant industry in Shreveport, Louisiana and surrounding areas and were well aware of both the Superior trademark and its inherent value and reputation.

32. Upon information and belief, defendant's use of the Superior tradename was made with intent to deceive and with intent to benefit from Superior's reputation.

33. Superior has given notice to defendant of its objection to the acts and activities complained of herein, and defendant has refused to cease and desist from such conduct.  See Exhibit 3 attached.

34. Printouts of the pertinent information from the United States Patent and Trademark Office website regarding Superior's registrations are attached as Exhibits 1 and 2.  These registrations are valid and subsisting.

35. The tradename El Jimador Superior is substantially identical and confusingly similar to the "SUPERIOR BAR" and "SUPERIOR GRILL" names and marks in sound, appearance and commercial impression. Defendant displays the El Jimador Superior logo prominently on the front of the building in which it operates.

36. Superior's trademarks and its name are inherently distinctive as applied to restaurant and catering services.

37. By virtue of Superior's long, continuous and substantial exclusive use in the Southeastern United States of the "SUPERIOR BAR" and "SUPERIOR GRILL" name and marks in connection with restaurant and catering services, such services have become well and favorably known within the relevant trade and public under those marks and names.

## COUNT 1: FEDERAL TRADEMARK INFRINGEMENT

38. The allegations of the preceding paragraphs of the Complaint are incorporated herein by reference.

39. Use of the trade name "El Jimador Superior" is in violation of Superior's rights and its registered marks pursuant to 15 U.S.C. § 1114.

40. Defendant's use of the name and mark "El Jimador Superior" is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of defendant's services in violation of Superior's rights and its registered names pursuant to 15 U.S.C. § 1114.

41. The acts and activities of defendant complained of herein deprive Superior of control over its reputation and goodwill, which constitutes irreparable injury.

42. Superior has no adequate remedy at law.

43. Superior has given notice to defendant of its objection to the acts and activities complained of herein, and defendant has refused to cease and desist from such conduct.  See Exhibit 1.  At least since its receipt of Superior's notice, defendant's acts of trademark infringement have been and continue to be deliberate, willful and/or reckless, making this an exceptional case within the meaning of 15 U.S.C. § 1117, and entitling Superior to defendant's profits, any actual damages, treble damages, costs, and reasonable attorney's fees.

44. The continued acts and activities of defendant complained of herein constitute willful acts of infringement in derogation of Superior's rights in its federally registered trademarks.

## COUNT II - FEDERAL UNFAIR COMPETITION - 15 U.S.C. § 1125(a)

45. The allegations of the preceding paragraphs of the Complaint are incorporated herein by reference.

46. The acts and activities of defendant complained of herein constitute false and misleading designation of origin and false and misleading representations in violation of 15 U.S.C. § 1125(a).

47. Use of the trade name "El Jimador Superior" is likely to cause and has already caused confusion or mistake as to the source or sponsorship of defendant's business and services, and as to its affiliation with Superior.

48. Superior has no adequate remedy at law.

49. The acts and activities of defendant complained of herein deprive Superior of control over its reputation and goodwill, which constitutes irreparable injury.

50. The acts and activities of defendant complained of herein were and are undertaken willfully, with knowledge of Superior's prior rights, and in bad faith, entitling Superior to defendant's profits, any actual damages, treble damages, costs, and reasonable attorney's fees.

## COUNT III- STATE LAW CLAIMS

51. Defendant's use of the "Superior" tradename also violates applicable Louisiana law.

52. In addition to the protection provided under federal law, Louisiana law recognizes tradename protection acquired by use.

53. When one business appropriates a name similar to that of an established competitor which diverts good will of the established business to the new entity due to confusion, the courts will grant injunctive relief. *Dennis Miller Pest Control, Inc. v. Denney Miller, Jr. Pest Controls, Inc.*, 379 So.2d 801 (La. App. 4th Cir. 1980).

54. It has long been held in Louisiana that trade names will be accorded the same protection as trademarks under the law of unfair competition. *Gulf Coast Bank v. Gulf Coast Bank & Trust Co.*, 94-2203 (La. 4/10/95), 652 So.2d 1306.

55. In determining whether one has a protectable trade name, actual use of the name (i.e., priority of appropriation) gives rise to a protectable proprietary interest in the name. *Chinchuba Institute v. St. Tammany Parish School Board*, 95-0419 (La. App. 1st Cir. 11/9/95), 664 So. 2d 1230.

WHEREFORE, SUPERIOR BAR & GRILL, INC. PRAYS:

That, **EL JIMADOR GRILL #4, LLC,** its employees, officers and agents, be permanently enjoined from all use of the name "Superior" and/or any other name or mark which contains or comprises the word "Superior" as a mark or name or component of a mark or name or in connection with any restaurant services;

That **EL JIMADOR GRILL #4, LLC**, deliver to the Court for destruction all print and other promotional materials which refer to "Superior" as a name or mark or component of a name or mark;

That **EL JIMADOR GRILL #4, LLC** be directed to cancel all domain names, corporate name and fictitious name registrations for any names which contain or comprise "Superior" as an element;

That **EL JIMADOR GRILL #4, LLC**, be directed to account for and pay over to Superior all profits derived by him under either or any of the Superior marks and names;

That **EL JIMADOR GRILL #4, LLC** be directed to pay to Superior the costs of this action and its reasonable attorneys fees pursuant to 15 U.S.C. § 1117;

That **EL JIMADOR GRILL #4, LLC**, be directed to pay to Superior treble damages pursuant to 15 U.S.C. § 1117;

That SUPERIOR BAR & GRILL, INC. have such other and further relief as this Court may deem warranted.

Respectfully submitted,

BLANCHARD, WALKER, O'QUIN & ROBERTS
(A Professional Law Corporation)


By: /s/ Paul M. Adkins
      Paul M. Adkins, #14043

333 Texas Street, Suite 700
P.O. Drawer 1126
Shreveport, Louisiana 71163-1126
Telephone: (318) 221-6858
Facsimile: (318) 227-2967
E-mail: padkins@bwor.com

ATTORNEYS FOR SUPERIOR BAR & GRILL, INC.